IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERRY GP PHONGBOUPHA, | ) | No. C 12-1025 RMW (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE; ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS |
| vs. | ) ) ) | |
| WARDEN A. HEDGPETH, | ) ) | (Docket Nos. 2, 4) |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's motions for leave to proceed in forma pauperis are DENIED. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

**BACKGROUND**

According to his petition, a San Francisco Superior Court jury convicted petitioner of second degree murder and related offenses. On August 1, 2008, the trial court sentenced petitioner to a term of seventy-four years to life. In 2010, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied review. Petitioner filed the instant federal petition on February 29, 2012.

Order to Show Cause; Order Denying Motion for Leave to Proceed in Forma Pauperis
G:\PRO-SE\SJ.Rmw\HC.12\Phongboupha025oscdenifp.wpd

## DISCUSSION

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief petitioner claims that:  (1) his right to due process was violated when he was not allowed to be present or consult with counsel when the trial judge had an ex parte meeting with Juror Number 7; (2) counsel was ineffective for failing to object to the meeting; (3) the trial court improperly coerced a jury verdict after learning that they were deadlocked by giving them a supplemental instruction; (4) the "kill zone" instruction to the jury should not have been given with respect to the attempted murder charge in counts 2, 3, and 4; and (5) the trial court erred in admitting hearsay testimony, in violation of his rights to due process and confrontation.  Liberally construed, petitioner's allegations are sufficient to require a response.  The court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1.     Petitioner's motions to proceed in forma pauperis are DENIED.  Petitioner must pay the $5 filing fee within **thirty (30) days** of the date of this order or face dismissal of this action for failure to pay the filing fee.

2.     The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

3.     Respondent shall file with the court and serve on petitioner, within **ninety days** of

1  the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing
2  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
3  Respondent shall file with the answer and serve on petitioner a copy of all portions of the
4  underlying state criminal record that have been transcribed previously and that are relevant to a
5  determination of the issues presented by the petition.

6        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
7  court and serving it on respondent within **thirty days** of the date the answer is filed.

8        4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
9  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
10 2254 Cases within **ninety days** of the date this order is filed.  If respondent files such a motion,
11 petitioner shall file with the court and serve on respondent an opposition or statement of non-
12 opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the
13 court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

14       5.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that
15 all communications with the court must be served on respondent by mailing a true copy of the
16 document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
17 change of address by filing a separate paper captioned "Notice of Change of Address."  He must
18 comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
19 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

20     IT IS SO ORDERED.
21 DATED: _____

                                    _____
22                                       RONALD M. WHYTE
                                      United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GERRY PHONGBOUPHA,  Plaintiff,  v.  A HEDGPETH et al,  Defendant.       / | Case Number: CV12-01025 RMW  **CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 5, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gerry GP Phongboupha G-29087
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Dated: June 5, 2012

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk