IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY GP PHONGBOUPHA,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN A. HEDGPETH,<br><br>    Respondent. | No. C 12-1025 RMW (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING WITHOUT PREJUDICE MOTION TO STAY; REQUIRING ELECTION BY PETITIONER<br><br>(Docket Nos. 12, 13) |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 21, 2012, respondent filed a motion to dismiss the petition for failure to exhaust state remedies.  In lieu of an opposition, on September 6, 2012, petitioner filed a motion to stay the petition and hold the action in abeyance.  For the reasons below, the court GRANTS respondent's motion to dismiss, DENIES without prejudice petitioner's motion to stay the petition, and directs petitioner to elect how he wishes to proceed.

**DISCUSSION**

Respondent argues, and petitioner concedes, that while Claims 1-4 were fairly presented to the California Supreme Court, petitioner's Claim 5 (ineffective assistance of counsel) was not. Because Petitioner's federal petition contains both exhausted and unexhausted claims, it is a "mixed" petition.  See Rhines v. Weber, 544 U.S. 269, 277 (2005).  The general rule is that a

federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted.  See Rose v. Lundy, 455 U.S. 509, 522 (1982). Therefore, respondent's motion to dismiss is GRANTED.

However, due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the court will not dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without first giving petitioner the opportunity to elect whether to proceed with just the exhausted claims, or to try to exhaust the unexhausted claims before having this court consider the federal petition.  Therefore, instead of an outright dismissal of the action, the court will allow petitioner to choose whether he wants to:

(1) dismiss the unexhausted claim and go forward in this action with only the exhausted claims; or

(2) dismiss this entire action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims; or

(3) move to stay these proceedings while he exhausts his unexhausted claim in the California Supreme Court.

In Rhines, the Supreme Court discussed the stay-and-abeyance procedure for a mixed petition such as this one.  The Supreme Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277.  Any stay must be limited in time to avoid indefinite delay.  Id. at 277-78.  Reasonable time limits would be thirty (30) days to proceed to state court and thirty (30) days to return to federal court after the final rejection of the claims by the state court.  See id. at 278; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

There are two kinds of stays available in a habeas action: the Rhines stay and the King/Kelly stay. A stay under Rhines "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Any such stay must be limited in time to avoid indefinite delay. Id. The court in Rhines cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277.

The King/Kelly stay is an alternative method for a petitioner who has some unexhausted claims he wants to present in his federal habeas action. Under the procedure outlined in Kelly, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause as under Rhines, but rather must eventually show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations. King, 564 F.3d at 1141-43.

Petitioner is cautioned that each of the three options outlined above has risks and drawbacks that he should take into account in deciding which one to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition challenging the underlying conviction and sentence. See 28 U.S.C. § 2244(b).

1  If he chooses option (2), dismissing this action and returning to state court to exhaust all claims
2  before filing a new federal petition, his new federal petition may be rejected as time-barred. See
3  28 U.S.C. § 2244(d).
4        If petition chooses option (3), and it appears that he has attempted to do so, he must file a
5  motion in this court to obtain a stay of his mixed petition and demonstrate good cause for failing
6  to exhaust under Rhines.  Alternatively, petitioner could amend his petition to delete the
7  unexhausted claim, file a motion to stay and hold that amended petition in abeyance, return to
8  the state court to exhaust his unexhausted claim, and later amend his petition to re-attach the
9  newly-exhausted claim, under King/Kelly.  If the motion to stay is ultimately granted, petitioner
10 then must act diligently to file a petition in the California Supreme Court and obtain a decision
11 from that court on his unexhausted claim.  Petitioner then must return to this court.  Under option
12 (3), this action stalls.  This court will do nothing further to resolve the case while petitioner is
13 diligently seeking relief in state court.
14       Petitioner's motion to stay does not have sufficient information under Rhines to
15 determine whether a stay is warranted.  Nor does petitioner's motion comply with King/Kelly.
16 Thus, petitioner's motion to stay is DENIED without prejudice.  Should petitioner choose option
17 (3), he must either file a motion to stay pursuant to Rhines, or he must amend his petition to
18 delete the unexhausted claim and file a motion to stay, pursuant to King/Kelly.

### CONCLUSION

20       Respondent's motion to dismiss is GRANTED.  Petitioner's motion for a stay and
21 abeyance is DENIED without prejudice.
22       Within thirty days of the date of this order, petitioner must serve and file a notice in
23 which he states whether he elects Option 1, 2, or 3.  If petitioner chooses Option (1) or Option
24 (2), his filing need not be a long document; it is sufficient if he files a one-page document
25 entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under Option
26 _____ provided in the court's order dated _____."  Petitioner must insert a number in place of
27 the blank space to indicate which of the first two options he chooses and insert the date of the
28

Order Granting Motion to Dismiss; Denying Without Prejudice Motion to Stay; Requiring Election by Petitioner
G:\PRO-SE\SJ.Rmw\HC.12\Phongboupha025mtdstay.wpd

1 court's order.

2     If petitioner chooses Option (3), within thirty (30) days from the filing date of this order,
3 he must file a motion for a stay in which he explains why he failed to exhaust his unexhausted
4 claim in state court before presenting them to this court, that his claim is not meritless, and that
5 he is not intentionally delaying resolution of her constitutional claims.  If petitioner wants to file
6 a motion under King/Kelly to amend his petition (to delete the unexhausted claim) and to stay
7 this action while he exhausts state court remedies for the unexhausted claims, he must amend his
8 petition, and file the motion no later than thirty (30) days from the filing date of this order.

9     **If petitioner does not choose one of the three options or file a motion to stay within**
10 **thirty (30) days of the date of filing date of this order, the entire action will be dismissed.**

11     IT IS SO ORDERED.

12 DATED: _____     /s/ Ronald M. Whyte
13                                  RONALD M. WHYTE
                                 United States District Judge

Order Granting Motion to Dismiss; Denying Without Prejudice Motion to Stay; Requiring Election by Petitioner
G:\PRO-SE\SJ.Rmw\HC.12\Phongboupha025mtdstay.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY PHONGBOUPHA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>A HEDGPETH et al,<br><br>　　　　　Defendant. _____/ | Case Number: CV12-01025 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gerry GP Phongboupha G-29087
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Dated: October 12, 2012

　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　　By: Jackie Lynn Garcia, Deputy Clerk