IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERRY GP PHONGBOUPHA, | ) | No. C 12-1025 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING PETITIONER'S REQUEST TO |
| vs. | ) ) | DISMISS UNEXHAUSTED CLAIM; ORDER TO SHOW |
| WARDEN A. HEDGPETH, | ) ) | CAUSE |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 12, 2012, the court granted respondent's motion to dismiss for failure to exhaust and directed petitioner to elect one of three options. On November 6, 2012, petitioner filed a pleading entitled "Election by Petitioner," in which he chose to delete his unexhausted claim and proceed with his exhausted claims.

Accordingly, Petitioner's request to continue with only the exhausted claims (Claims 1-4), and dismiss the unexhausted claim (Claim 5) is GRANTED. The court renews its order to show cause to respondent as to why the petition should not be granted as to the remaining four claims: (1) Petitioner's right to due process was violated when he was not allowed to be present or consult with counsel when the trial judge had an ex parte meeting with Juror Number 7; (2) the trial court improperly coerced a jury verdict after learning that they were deadlocked by giving them a supplemental instruction; (3) the "kill zone" instruction to the jury should not have

been given with respect to the attempted murder charge in counts 2, 3, and 4; and (4) the trial court erred in admitting hearsay testimony, in violation of his rights to due process and confrontation.

**CONCLUSION**

1. Petitioner's request to proceed with only the exhausted claims and dismiss Claim 5 (ineffective assistance of counsel) is GRANTED.

2. Respondent shall file with the court and serve on petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously, and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of his receipt of the answer.

3. It is petitioner's responsibility to prosecute this case. petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: _____

_____
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GERRY PHONGBOUPHA,

        Plaintiff,

  v.

A HEDGPETH et al,

        Defendant.

Case Number: CV12-01025 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 3, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gerry GP Phongboupha G-29087
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Dated: December 3, 2012

                              Richard W. Wieking, Clerk
                              By: Jackie Lynn Garcia, Deputy Clerk